UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Donnell Hickman,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                                     21-CV-01738 (DG) (LB)

      -against-

Bellevue Hospital Center, *et al.*,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On January 5, 2024, Chief Magistrate Judge Lois Bloom issued a Report & Recommendation ("R&R") recommending: (1) that the motion to dismiss brought by Defendant United States of America (the "Government") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 70, be granted in part and denied in part – specifically, that the Government's motion to dismiss Plaintiff's Federal Tort Claims Act ("FTCA") claim regarding events at Metropolitan Detention Center ("MDC") be denied and that the Government's motion to dismiss Plaintiff's claim for negligence at United States Penitentiary Canaan ("Canaan") and Federal Correctional Institution Hazelton ("Hazelton") be granted for lack of subject matter jurisdiction but that the claim be dismissed without prejudice; (2) that the motion to dismiss brought by Defendants NYC Health & Hospitals Corporation, Bellevue Hospital Center, Rajneesh Gulati, MD, and Mark P. Bernstein, MD (collectively, the "City Defendants") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 74, be granted; and (3) that Plaintiff's claim against the John Doe Physicians at Bellevue be dismissed. *See generally* R&R, ECF No. 75.[1]

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

On January 19, 2024, the Government filed objections to the portion of the R&R recommending denial of the Government's motion to dismiss. *See* Government's Objections to R&R ("Gov't Obj. Br."), ECF No. 76. The Government objects to "the portion of the R&R that found that Plaintiff's purported FTCA claims arising from conduct at MDC are timely exhausted." *See* Gov't Obj. Br. at 4-11.[2] The Government asserts that "the R&R's reliance on the mailbox rule to conclude that Plaintiff timely exhausted his administrative remedies was erroneous, because it is inconsistent with prevailing Second Circuit authority holding that the mailbox rule does not apply to FTCA administrative submissions" and that "even if the mailbox rule does apply to FTCA claims, the rule merely creates a rebutta[ble] presumption, which the United States adequately rebutted." *See* Gov't Obj. Br. at 2-3.

The City Defendants did not file any objections to the R&R or any response to the Government's objections to the R&R. *See generally* docket.

*Pro se* Plaintiff did not file any objections to the R&R or any response to the Government's objections to the R&R. *See generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of

---

[2] The Government "does not challenge the findings as to the timeliness of the filing of the Complaint at this stage." *See* Gov't Obj. Br. at 2 n.3.

the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

Because no party has objected to the R&R's recommendations that the Government's motion to dismiss be granted in part, that the City Defendants' motion to dismiss be granted, and that Plaintiff's claim against the John Doe Physicians at Bellevue be dismissed, the Court's review with respect to those recommendations is for clear error. Upon clear error review, the Court adopts those recommendations.

In light of the Government's objections to the R&R, the Court reviews *de novo* the portion of the R&R that found that Plaintiff's FTCA claim regarding events at MDC was timely exhausted.[3] A review of the R&R, the record, and the applicable law reveals that Judge Bloom properly concluded that Plaintiff's FTCA claim regarding events at MDC was timely exhausted and that the Government's motion to dismiss should be denied in part. *See* R&R at 7-15; *see also Schulte v. United States*, No. 21-CV-04042, 2024 WL 708196 (S.D.N.Y. Feb. 21, 2024) (discussing *Tapia-Ortiz v. Doe*, 171 F.3d 150 (2d Cir. 1999) and *Cooke v. United States*, 918 F.3d 77 (2d Cir. 2019) and noting that "there is some tension between the Second Circuit's analysis in *Tapia-Ortiz* and its later analysis in *Cooke*" but that "*Tapia-Ortiz* remains good law").

---

[3] Because the Government does not challenge the R&R's findings as to the timeliness of the filing of the Complaint at this stage, those findings are reviewed for clear error.

3

The Court adopts the recommendation that the Government's motion to dismiss be denied in part.[4]

\* \* \*

The Government's motion to dismiss, ECF No. 70, is GRANTED in part and DENIED in part as set forth in the R&R, *see* R&R at 18-19; the City Defendants' motion to dismiss, ECF No. 74, is GRANTED; and Plaintiff's claim against the John Doe Physicians at Bellevue is DISMISSED.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

>  */s/ Diane Gujarati*
>  DIANE GUJARATI
>  United States District Judge

Dated: April 24, 2024
       Brooklyn, New York

---

[4] The Government, *inter alia*, takes issue with footnote 12 of the R&R. *See* Gov't Obj. Br. at 8 n.7. The Court need not – and does not – rely on that footnote in reaching its decision herein.

4