UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Donnell Hickman,

                Plaintiff,                                 **ORDER**
                                                            21-CV-01738 (DG) (LB)
     -against-

Bellevue Hospital Center, *et al.*,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Defendant United States of America (the "Government") has moved pursuant to Local Civil Rule 6.3 for partial reconsideration of the Court's April 24, 2024 Memorandum & Order. *See* Notice of Motion ("Motion for Reconsideration"), ECF No. 79; Memorandum of Law ("Gov't Br."), ECF No. 80.[1]

      Familiarity with the procedural history and background of this action – including with the January 5, 2024 Report & Recommendation of Chief Magistrate Judge Lois Bloom (the "R&R"), ECF No. 75, with the Government's objections to the same, ECF No. 76, and with the Court's April 24, 2024 Memorandum & Order, ECF No. 78 – is assumed herein.

      The Motion for Reconsideration is premised on the Government's belief that the Court inadvertently overlooked the second of two arguments raised by the Government in its objections to the R&R (hereinafter, the "Second Argument") – namely, that "even if the mailbox rule applies to Plaintiff's alleged submission of his administrative tort claim, the United States

---

[1] Local Civil Rule 6.3 provides in relevant part that "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion" and that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."

successfully rebutted the mailbox rule's presumption with admissible evidence." *See* Gov't Br. at 3; *see also* Gov't Br. at 4-7.

The Government is incorrect. The Court did not overlook the Second Argument – indeed, as the Government recognizes, the Court explicitly noted in the April 24, 2024 Memorandum & Order that the Government had raised the argument in its objections briefing. *See* Gov't Br. at 2; *see also* April 24, 2024 Memorandum & Order at 2. The Court, however, found the Second Argument unavailing, which is reflected in the Court's statement that a review of the R&R, the record, and the applicable law reveals that Judge Bloom properly concluded that the Government's motion to dismiss should be denied in part and in the Court's adoption of the recommendation that the Government's motion to dismiss be denied in part. *See* April 24, 2024 Memorandum & Order at 3-4. The Second Argument did not undercut the reasoning underlying Judge Bloom's recommendation. *See* R&R at 9-12 (discussing *prison* mailbox rule and its focus on the date of filing, not date of receipt).

The Government has failed to demonstrate that reconsideration is warranted here. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (discussing "strict" standard for granting a motion for reconsideration); *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, BK Jewelry (N.Y) Inc.*, No. 11-CV-02930, 2015 WL 8481873, at *1-2 (S.D.N.Y. Oct. 14, 2015) (discussing standard and noting that "[t]he Court of Appeals has made clear that reconsideration of prior decisions should be the exception rather than the rule"). Indeed, the sole basis for the Government's Motion for Reconsideration is the Government's incorrect belief that the Court inadvertently overlooked the Second Argument.

The Motion for Reconsideration is DENIED.[2]

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.[3]

SO ORDERED.

                                                    */s/ Diane Gujarati*
                                                    DIANE GUJARATI
                                                    United States District Judge

Dated: May 14, 2024
       Brooklyn, New York

---

[2] Even were the Court to reconsider its April 24, 2024 decision, the Court's conclusions therein would remain unchanged. Nothing raised in the Government's briefing on the instant motion would alter the Court's conclusions.

[3] No response to the Motion for Reconsideration is required in light of the above.